## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

RANDY ANTHONY WEAVER                        *
                        Plaintiff,
            v.                                      *   CIVIL ACTION NO. RDB-12-2616

CHARLES A. JENKINS, *et al*.                  *
                        Defendants.
                                                   ***

## MEMORANDUM OPINION

On February 13, 2012, Plaintiff, a prisoner formerly detained at the Frederick County Detention Center,[1] filed this civil right complaint in the United States District Court for the District of Florida. He claims that he was subject to "false imprisonment, kidnapping, and assault" and that Defendants are holding him in violation of his constitutional and civil rights. (ECF No. 1). Plaintiff additionally complains that Defendants conspired to falsely arrest and imprison him in Maryland and records will show that charges filed against him have been fabricated. (*Id*.). He seeks damages and injunctive relief in the form of relocation to another prison facility.

On March 28, 2012, Plaintiff filed a Motion to Amend Complaint, which is accompanied by an Amended Complaint against a number of deputy sheriffs, police and probation officers, assistant states attorneys, circuit and district court judges, and private citizens. (ECF No. 8). He then raises a number of fantastic claims which, affording the self-represented Complaint a generous construction, involve an automobile search; the planting of crack cocaine in his automobile by local Maryland law enforcement officers; his travel between Maryland and Florida; his attempt to obtain a copy of his driving record; his involvement with a number of women, including a female official with the Central Intelligence Agency; contact with Florida police officers when en route to Maryland in

---

[1]     The Frederick County Adult Detention Center has informed court personnel that Plaintiff was released from confinement on "time served" in June 2012. Copies of the Memorandum Opinion and accompanying Order will be sent to his last known address.

2007;  his arrest by Frederick County police in 2008; and his prosecution on various "false" charges, including theft and possession of fireworks without a permit.  (ECF No. 8).  Plaintiff seeks punitive and monetary damages.

On August 28, 2012, the case was ordered transferred to this Court, by U.S. District Court Judge Joan A. Lenard.  It was received for filing on September 6, 2012.

Plaintiff's statement of claim in his Amended Complaint is not a model of clarity.  A number of facts are purposely left blank in the Amended Complaint without identifying the individuals involved.  Further, it is unclear what charge or charges he is attacking.  The Maryland judiciary case search website references a number of Frederick County criminal cases involving Plaintiff, most of which were closed in 2007 and 2008.  *See* http://casesearch.courts.state.nd.us/inquiry.

To the extent that Plaintiff  takes issue with his prior arrests and prosecutions and seeks damages for his incarceration, his claims are inextricably interwoven with the constitutionality of his criminal charges and convictions.  Consequently, this § 1983 complaint for damages shall be summarily dismissed without prejudice.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a § 1983 claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless he first proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to  28 U.S.C. § 2254.[2]  *See Heck*, 512 U.S. at 486-7.

---

[2]     Section 1983 relief does, however, remain available where success in the civil rights suit would not necessarily invalidate the legality of (not previously invalidated) state confinement.  *See Wilkinson v. Dotson*, 544 U.S. 74, 80-81 (2005) (*Heck* inapplicable to constitutional 42 U.S.C. § 1983 challenges to state parole procedures, as success does not mean immediate release and does not lay "at the core of habeas corpus."); *Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005) (prisoner's 42 U.S.C. § 1983 damage claim

Here, Plaintiff's self-represented damage claims directly relate to the constitutionality of his arrest, charges and state convictions and success in this civil rights action might vitiate the legality of those convictions.[3]  Thus, his civil rights claim for damages may not proceed at this time under *Heck*.

For the aforementioned reasons, this action shall be dismissed without prejudice.  A separate Order follows.


Date:  <u>September 10, 2012</u>              _____/s/_____
                                           RICHARD D. BENNETT
                                           UNITED STATES DISTRICT JUDGE

---

for illegal extradition does not imply that his criminal judgment is invalid).

[3]     Even if Plaintiff was acquitted or had his criminal charges nolle processed in 2007 and 2008, the Court offers no opinion on the timeliness of Plaintiff's claims under the applicable three-year statute of limitations.